```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | | |
|---|---|---|
| **JANET P. BARGERON** | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 04-00814-KD-B |
| **TROY KING,** *et al.*, | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Janet P. Bargeron has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of her 1999 conviction by a jury in the Circuit Court of Baldwin County, Alabama, for first degree theft of property in violation of Alabama Code § 13A-8-3(a), for which she received a sentence of two years imprisonment, which was suspended, with unsupervised probation for three years. (Doc. 1 at 2; Doc. 2 at 3; Doc. 14 at 1). Petitioner was ordered to pay restitution in the amount of $25,000. (Doc. 5 at 2).

Following her conviction, Petitioner appealed, and on December 15, 2000, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction. (Doc. 1 at 3). The Alabama Supreme Court subsequently denied Petitioner's petition for a writ of certiorari, and a Certificate of Judgment was issued on April 20, 2001. (Doc. 16, Exs. 7, 10). Petitioner filed a petition for post-conviction relief on December 11, 2002, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 5 at 2). On September 12,

2003, the trial court denied Petitioner's Rule 32 petition, and Petitioner filed an appeal to the Alabama Court of Criminal Appeals on October 21, 2003. (Doc. 1 at 4). The Alabama Court of Criminal Appeals affirmed the judgment of the trial court on April 30, 2004, denying Petitioner's Rule 32 petition for post-conviction relief except as to the issue of restitution. The court remanded the case to the trial court for a restitution hearing to determine whether Petitioner was entitled to various credits on the restitution amount. (Doc. 5 at 2). On July 7, 2004, the trial court entered an order finding that Petitioner owed $7,771.50 in restitution, to be paid in monthly installments. (Id.). Petitioner subsequently filed an application for rehearing with the Alabama Court of Criminal Appeals, which was denied, and a petition for a writ of certiorari with the Alabama Supreme Court, which was also denied. (Doc. 1 at 4). The Court of Criminal Appeals issued a certificate of judgment on August 17, 2004. (Doc. 1 at 4). On December 22, 2004, petitioner filed the instant petition for a writ of habeas corpus seeking relief from her 1999 conviction.[1]  (Doc. 1).

---

[1] Although the parties have neither raised nor addressed the issue, it appears that petitioner has filed this petition outside the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A).  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court . . . [and] shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . ."  Id.  "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition."  Day v. McDonough, 547 U.S. 198, 209 (2006).  Because the Court has determined that it lacks jurisdiction over this

It is undisputed that, at the time that Petitioner filed the instant habeas petition, her sentence and probation related to her 1999 conviction for first degree theft of property had fully expired. Therefore, the Court must determine whether Petitioner was "in custody" within the meaning of the habeas statutes at the time that she filed this § 2254 petition. The applicable federal habeas statute, 28 U.S.C. § 2254(a), gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." In order for this Court to have jurisdiction over Petitioner's habeas petition, she must have been "'in custody' under the conviction or sentence under attack at the time [her] petition [was] filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." Id. at 492 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original).

In this case, Petitioner claims that she was "in custody" at

---

case, it need not consider this issue.

the time that she filed her habeas petition "because ongoing collateral consequences of her wrongful conviction may be suffered by her, such as the possible enhancement of a later criminal sentence based on the wrongful conviction attack[ed] in her habeas petition; and because she is still paying monies to the Court system and the alleged victim (her ex-husband) and any failure to make timely payments or not to make payments, would result in additional punishment." (Doc. 5 at 5). In addition, Petitioner argues that the criminal conviction which she attacks "has deprived her of the right to vote, to hold office, to serve on a jury, and to engage in certain businesses – in addition to depriving her of property by the on-going monetary punishment." (Id.). However, the Supreme Court in Maleng made it clear that a habeas petitioner does not remain in custody after the sentence imposed for the conviction under attack has fully expired, even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." Id. at 492.

In Birotte v. Secretary for Dept. of Corrections, 2007 WL 1695673, *2 -3 (11th Cir. 2007), the Eleventh Circuit recently held:

> The Supreme Court has stated that the "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S.

4

> at 490-91, 109 S. Ct. at 1925. Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." Id. at 492, 109 S. Ct. at 1926. The Supreme Court further noted that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. Such collateral consequences included the inability to vote, engage in certain business, hold public office, or serve as a juror. Id. at 491-92, 109 S. Ct. at 1925-26.

Birotte, 2007 WL 1695673, at *2 -3 (dismissing petitioner's habeas petition for lack of jurisdiction where petitioner's sentence had been completed at the time that he filed his habeas petition, although he remained subject to an order of removal from the United States).

In another recent case, Bullock v. State of Alabama, 2006 WL 1761718, *1 -2 (M.D. Ala. 2006) (slip copy), the court dismissed the petitioner's habeas petition where his sentence and probation had expired at the time he filed his habeas petition, notwithstanding the fact that he was still obligated to make payments on a fine related to his conviction. The court stated:

> Several courts have held that a fine-only conviction is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255. See, e.g., Barnickel v. United States, 113 F.3d 704, 706 (7 Cir.

5

>  1997); Tinder, 725 F.2d at 804 (1 Cir. 1984) (citing cases). . . . Obado v. New Jersey, 328 F.3d 716, 717-718 (3 Cir. 2003).
>
>  In this case, the court concludes that, by the terms set by the court on November 21, 2000, Bullock's sentence and probation expired on November 21, 2002. Consequently, at the time he filed this § 2254 petition in November 2004, Bullock had completed his term of imprisonment, his probation had expired, and he was "no longer subject to the terms of his probation, nor [was] his conduct subject to the supervision of the probation authorities." Id. at 718.
>
>  The petitioner relies on a footnote comment in Evitts v. Lucey, 469 U.S. 387, 391 n. 4, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985) in which the court noted that the case before it was not rendered moot by the release of the petitioner because collateral consequences of the conviction could affect him in the future. Evitts is inapposite because it does not address the jurisdictional question of whether the petitioner was "in custody" *at the time the petition was filed*. Maleng makes it crystal clear that "[o]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render the individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. The mere fact that Bullock was still paying restitution is insufficient to render him "in custody" for jurisdictional purposes. See Duvallon v. Florida, 691 F.2d 483, 485 (5 Cir. 1982) (requiring petitioner to pay a fine did not equate to being "in custody" for purposes of § 2254).

Bullock, 2006 WL 1761718, *1 -2 (emphasis added).

Where, as here, the petitioner's sentence and probation had fully expired by the time that the habeas petition was filed, the

6

"in custody" requirement is lacking.[2]  Maleng, 490 U.S. at 492.  The mere fact that Petitioner was still making restitution payments at the time that she filed her habeas petition is insufficient to render her "in custody" for jurisdictional purposes.  See Bullock, 2006 WL 1761718, *1-2; see also Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982) ("Where, as here, the judgment of the state court imposes only a fine with no provision for incarceration, appellant's liberty is not restrained, [and] she is not "in custody" . . . . [T]he existence of the possibility that appellant will be found in contempt and incarcerated for willful failure to pay the fine does not change the result.").  Likewise, other collateral consequences, such as the possible enhancement of a later criminal sentence based on the wrongful conviction or the ineligibility to vote, hold office, serve on a jury, or engage in certain businesses, are insufficient restraints on liberty to satisfy the "in custody" requirement.  See Maleng, 490 U.S. at 491-

---

[2] As discussed in Maleng and Bullock, cases involving a petitioner's unconditional release from custody *after* filing a habeas petition are inapposite.  See, e.g., Jamerson v. Secretary for the Dep't of Corrs., 410 F.3d 682, 688 (11th Cir. 2005) (cited by Petitioner) ("Completion of a criminal sentence does not render a petition for habeas relief moot because the ongoing collateral consequences of a wrongful conviction . . . satisfy the case-or-controversy jurisdictional requirement of Article III of the Constitution.").  There is a clear distinction in the law between a petitioner who is released from custody *after* jurisdiction has attached by the filing of a habeas petition and a petitioner whose sentence has expired *before* the filing of a habeas petition, when jurisdiction has never attached.  See Maleng, 490 U.S. at 490-91; Bullock, 2006 WL 1761718, *1 -2.

92; <u>Birotte</u>, 2007 WL 1695673, *2 -3.[3]

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that petitioner's petition for habeas corpus is due to be dismissed for want of jurisdiction.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **26th** day of **November, 2007.**


                                          <u>/s/ SONJA F. BIVINS</u>
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court notes that the unavailability of habeas relief does not leave petitioner entirely without recourse.  <u>See</u> <u>Alabama Code</u> § 15-22-36 (governing the authority of the Alabama Board of Pardons and Paroles to grant pardons and restore civil and political rights).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a

transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.