**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JANET P. BARGERON** | : |
| Petitioner, | : |
| v. | :   CIVIL ACTION NO. 04-00814-KD-B |
| **TROY KING, Attorney General of the State of Alabama and GLENN WILEY, Chief Probation Officer of Baldwin County, Alabama,** | : : |
| Respondents. | : |

## ORDER

This matter is before the court on the petitioner's objection to the Magistrate Judge's report and recommendation. (Docs. 18, 19, 20). On November 27, 2007, Magistrate Judge Bivins recommended that petitioner's habeas petition be dismissed because petition was not "in custody, pursuant to 28 U.S.C. § 2254(a) and as interpreted by Maleng v. Cook, 490 U.S. 488, 491 (1989) (A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed), when she filed her habeas petition. Specifically, Judge Bivins found, and petitioner does not dispute, that her sentence and probation had fully expired when she filed her habeas petition.

Petitioner argues, in spite of the "in custody" requirement, that she should be allowed to proceed with her petition because it was not the petitioner's fault that her federal petition was untimely, i.e. filed after her probationary sentence had expired. Specifically, petitioner argues that her probation expired during the three years it took the state system to process her appeals and since the state appeals must be exhausted before a federal habeas petition may be filed, the time required to exhaust her appeals should not be held against her. As support for her position

that the court can assume jurisdiction although petitioner was not "in custody" when she filed her federal petition, petitioner cites to exceptions to the "in custody" requirement that were set out in Birotte v. Secretary for the Department of Corrections, 236 Fed. Appx. 577 (11th Cir. 2007). However, Birotte is inapposite to petitioner's situation. In Birotte, the no fault exception was stated to apply to a situation where a petitioner has a prior conviction that was used to enhance a criminal sentence and the petitioner challenges the enhanced sentence (on which he is currently "in custody") based on the ground that the prior conviction was unconstitutional and there had been no channel of review for that prior conviction through no fault of the petitioner. Id. at 579. Birotte provides no support for the proposition that this court can ignore the jurisdictional custodial requirement in this case.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that petitioner's petition for habeas corpus relief be and hereby is **DISMISSED** for want of jurisdiction.

**DONE** this the 12th day of December, 2007.

                                                s / Kristi K. DuBose
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**